UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KATY CORNEJO, individually and on behalf of herself and all others similarly situated,

    Plaintiff,

v.

BIG LOTS STORES, INC., an Ohio corporation; and DOES 1–50, inclusive,

    Defendants.

No. 2:22-cv-01247-MCE-DB

**MEMORANDUM AND ORDER**

On April 20, 2022, Plaintiff Katy Cornejo ("Plaintiff"), on behalf of herself and others similarly situated, initiated the present wage-and-hour class action in the Superior Court of California, County of Sacramento, against her former employer Defendant Big Lots Stores, Inc. ("Defendant"). See Ex. 1, Not. Removal, ECF No. 1-1, at 19–49. Defendant subsequently removed the action to this Court on July 14, 2022, under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). See Not. Removal, ECF No. 1. Presently before the Court is Defendant's Motion to Deny Class Certification, ECF No. 11, which has been fully briefed. ECF Nos. 11-1 ("Def.'s Mem."), 14 ("Pl.'s Opp'n"), 15 ("Def.'s Reply"). For the following reasons, Defendant's Motion is GRANTED.[1]

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

1

## STANDARD

A court may certify a class if a plaintiff demonstrates that all of the prerequisites of Federal Rule of Civil Procedure 23(a)[2] have been met, and that at least one of the requirements of Rule 23(b) have been met. Fed. R. Civ. P. 23; see also Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996). Rule 23(a) requires numerosity, commonality, typicality, and adequacy, whereas Rule 23(b) requires a plaintiff to establish one of the following: (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication.

It is within the court's broad discretion to "determine whether a class should be certified, and to revisit that certification throughout the legal proceedings[.]" Salas v. Toyota Motor Sales, U.S.A., Inc., No. CV 15-8629, 2019 WL 1940619, at *2 (C.D. Cal. Mar. 27, 2019) (quoting United Steel, Paper & Forestry, Rubber Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co., 593 F.3d 802, 810 (9th Cir. 2010)). Before granting or denying class certification, the court is tasked with conducting a "rigorous" analysis which may "entail some overlap with the merits of the plaintiff's underlying claim[,]" and the court may find it necessary to, at times, "probe behind the pleadings[.]" Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350–51 (2011). But, even so, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites . . . are satisfied." Amgen Inc. v. Conn. Ret. Plans & Tr. Funds, 568 U.S. 455, 466 (2013). Rule 23 does not permit "free-ranging merits inquiries at the certification stage." Id.; see also Ellis v. Costco Wholesale Corp., 657 F.3d 970, 983 n.8 (9th Cir. 2011) (explaining that a district court's examination of the merits should take place "only inasmuch as [the court] must determine whether common questions exist; not to determine whether class

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

2

members could actually prevail on the merits of their claims."). Class certification should not become a "mini-trial." Id.; see also Salas, 2019 WL 1940619, at *2.

## ANALYSIS

Plaintiff was formerly employed by Defendant in an hourly, non-exempt position. Ex. 1, Not. Removal, ECF No. 1-1, at 22 ¶ 17. As a condition of employment, Defendant "requires that all newly hired associates agree to mutual arbitration[.]" Tiberi Decl., ECF No. 11-3 ¶¶ 3, 6 (declaration from Defendant's Compensation and Data Analytics Manager who has "personal knowledge of the process by which [Defendant] provides certain employment-related documents to associates") ("[Defendant] has used the same version of the Arbitration Agreement from February 3, 2020, to the present."); see Ex. 1, id., at 7–11. A substantively identical arbitration agreement is used for current associates except that Defendant "made agreeing to mutual arbitration voluntary[.]" Id. ¶ 3; see Ex. 2, id., at 13–17. According to Defendant,

> [t]he total number of Putative Class Members for the period of February 3, 2020, to January 26, 2023 ("Putative Class Members"), is approximately 1,508. Of these 1,508 Putative Class Members, at least 1,469 Putative Class Members executed [Defendant's] Arbitration Agreement. This equates to 97.41% of the Putative Class Members who executed the Arbitration Agreement.

Id. ¶ 21. Plaintiff, however, never signed or completed an arbitration agreement for current associates. Id. ¶ 24; see Ex. 4, id., at 22 (copy of Plaintiff's eLearning history).

Here, Plaintiff seeks to certify the following class: "all persons who are or were employed by Defendants as hourly paid, non-exempt retail employees in the State of California at any time from four years prior to the filing of this action through resolution or trial of the matter." Ex. 1, Not. Removal, ECF No. 1-1, at 27 ¶ 50. Defendant argues Plaintiff cannot satisfy Rule 23(a) because she is "atypical and an inadequate representative." Def.'s Mem., at 11.

///

"To demonstrate typicality, the putative class must show that the named parties' claims are typical of the class." Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1030 (9th Cir. 2012) (citing Fed. R. Civ. P. 23(a)(3)). "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" Id. (quoting Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992)). Similarly, "[t]he named plaintiffs must fairly and adequately protect the interests of the class." Id. at 1031 (citing Fed. R. Civ. P. 23(a)(4)). "In making this determination, courts must consider two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" Id. (quoting Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998)).

Defendant contends that Plaintiff cannot satisfy these two requirements because she did not sign an arbitration agreement whereas 97.41% of the putative class members did. See Def.'s Mem., at 10–14. In such cases,

> "[t]he Ninth Circuit has foreclosed the viability of that proposition." Campanelli v. Image First Healthcare Laundry Specialists, Inc., No. 15-CV-04456-PJH, 2018 WL 6727825, at *7 (N.D. Cal. Dec. 21, 2018) (citing Avilez v. Pinkerton Gov't Servs., Inc., 596 F. App'x 579 (9th Cir. 2015)[)]. In Avilez, the named plaintiff had not signed a class action waiver, yet the district court certified classes and subclasses that included employees who signed class action waivers. 596 F. App'x at 579. The Ninth Circuit held that the district court abused its discretion to the extent it certified those classes, because class members who signed a waiver would "have potential defenses that Avilez would be unable to argue on their behalf." Id. The Ninth Circuit therefore concluded that, "[t]o the extent the classes and subclasses include individuals who signed class action waivers, Avilez is not an adequate representative and her claim lacks typicality." Id. (internal citations omitted).
>
> District courts within this Circuit have consistently relied on Avilez to reach a similar result. See, e.g., Farr [v. Acima Credit LLC], [No. 20-CV-8619-YGR,] 2021 WL 2826709, at *6–7 [(N.D. Cal. July 7, 2021)] (concluding that the named plaintiff lacked typicality and adequacy to represent a class made up of individuals who, unlike her, may be subject to the mandatory

4

arbitration agreement and class action waiver); <u>Heredia v. Sunrise Senior Living LLC</u>, No. 8:18-cv-01974-JLS-JDE, 2021 WL 811856, at *2–4 (C.D. Cal. Feb. 9, 2021) (same); <u>Andrews v. Ring LLC</u>, No. 5:20-CV-00889-RGK-SP, 2020 WL 6253319, at *4 (C.D. Cal. Sept. 17, 2020) (finding the plaintiff neither typical nor adequate where court determined he was not bound to arbitrate); <u>Boumaiz v. Charter Commc'ns LLC</u>, No. 2:19-cv-06997-JLS-ADS, 2021 WL 2189481, at *6 (C.D. Cal. May 19, 2021) (same); <u>Campanelli</u>, 2018 WL 6727825, at *7 (concluding that a plaintiff who was not subject to an arbitration clause or class action waiver was "not an adequate representative and his claims lack typicality with respect to putative Rule 23 plaintiffs who have signed [these agreements]"); <u>Conde</u>, 223 F. Supp. 3d at 958–63 (granting motion to deny class certification with respect to putative class members who are "possibly bound" by arbitration agreements); <u>Tan v. Grubhub, Inc.</u>, No. 15-CV-05128-JSC, 2016 WL 4721439, at *3 (N.D. Cal. July 19, 2016) (concluding that the named plaintiff, who opted out of a class action waiver, lacked adequacy and typicality because he "would be unable to credibly make several procedural unconscionability arguments on behalf of unnamed class members[.]"), <u>aff'd sub nom.</u> <u>Lawson v. Grubhub, Inc.</u>, 13 F.4th 908 (9th Cir. 2021); <u>Tschudy v. J.C. Penney Corp., Inc.</u>, No. 11CV1011 JM (KSC), 2015 WL 8484530, at *3 (S.D. Cal. Dec. 9, 2015) (relying on <u>Avilez</u> to decertify class with respect to employees who signed arbitration agreements).

<u>Valencia v. VF Outdoor, LLC</u>, No. 1:20-cv-01795-DAD-SKO, 2021 WL 5154161, at *4 (E.D. Cal. Nov. 5, 2021); <u>see</u> <u>also</u> <u>Berman v. Freedom Fin. Network, LLC</u>, 400 F. Supp. 3d 964, 986 (N.D. Cal. 2019) ("Moreover, the Ninth Circuit has suggested, without expressly holding, that a class encompassing members with valid arbitration agreements and others not subject to the arbitration agreements cannot be certified.") (citing <u>O'Connor v. Uber Techs., Inc.</u>, 904 F.3d 1087, 1094 (9th Cir. 2018)).

Plaintiff does not dispute any of the above, but instead argues that the Motion should be denied "as to putative class members who did not sign arbitration agreements or who signed after April 20, 2022." Pl.'s Opp'n, at 6. To the extent Plaintiff seeks to represent those who signed arbitration agreements after April 20, 2022, this argument fails for the same reasons discussed above.[3] As for those class members who did not

---

[3] Because Plaintiff did not sign either arbitration agreement, she lacks standing to challenge their applicability and enforceability. <u>See</u> <u>Heredia</u>, 2021 WL 811856, at *4 n.4 (collecting cases). Thus, the Court need not address Plaintiff's argument that "the arbitration agreements exclude claims pending in Court as of the date the arbitration agreement is signed and therefore does not apply to arbitration agreements signed after April 20, 2022[.]" <u>See</u> Pl.'s Opp'n, at 4, 7–10.

sign arbitration agreements, the class definition will need to be narrowed to exclude putative class members who signed arbitration agreements. See Campanelli, 2018 WL 6727825, at *8.  Therefore, Defendant's Motion is GRANTED "based on the currently defined class because [Plaintiff] is not an adequate representative and [her] claims lack typicality with respect to putative Rule 23 [class members] who have signed" arbitration agreements.[4]  See id.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Deny Class Certification, ECF No. 11, is GRANTED based on the class as currently defined and proposed to be represented by Plaintiff.[5]

IT IS SO ORDERED.

Dated:  May 30, 2023

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] Should the Court grant Defendant's Motion, Plaintiff asks the Court for leave to "file an amended complaint, adding a putative class member who signed the arbitration agreement, so that they may adequately represent the arbitration class." Pl.'s Opp'n, at 12; see also Def.'s Reply, at 11–12 (opposing this request).  However, the Court will not consider Plaintiff's request absent a properly noticed motion for leave to amend.

[5] Defendant previously settled another wage-and-hour class action in the United States District Court for the Central District of California. See Hubbs v. Big Lots Stores, Inc., Case No. LA CV15-01601 JAK (ASx) (C.D. Cal.).  Here, Defendant asks the Court to take judicial notice of the order granting final approval of the class action settlement in that case. See ECF No. 12.  Because the Court need not consider it in reaching its decision, the Request for Judicial Notice is DENIED as moot.