James R. Hawkins (SBN 192925)
Christina M. Lucio (SBN 253677)
Mitchell J. Murray (SBN 285691)
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
James@Jameshawkinsaplc.com
Christina@Jameshawkinsaplc.com
Mitchell@Jameshawkinsaplc.com

Attorneys for Plaintiff KATY CORNEJO,
on behalf of herself and all others similarly situated

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATY CORNEJO, individually and on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>BIG LOTS STORES, INC., an Ohio Corporation; and DOES 1-50, inclusive,<br><br>     Defendants. | Case No. 2:22-cv-001247-MCE-DB<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>1) **Failure to Pay Minimum Wages;**<br>2) **Failure to Properly Calculate and Pay Overtime Wages;**<br>3) **Failure to Provide Lawful Meal Periods;**<br>4) **Failure to Authorize and Permit Rest Periods**<br>5) **Failure to Pay all Wages Owed During Employment**<br>6) **Failure To Timely Pay Wages at Termination;**<br>7) **Failure to Reimburse Necessary Expenses;**<br>8) **Unlawful Deductions from Wages;**<br>9) **Failure to Pay Vested Vacation Pay;**<br>10) **Knowing and Intentional Failure to Comply with Itemized Wage Statement Provisions;** |

**11) Violation of the Unfair Competition Law; DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff KATY CORNEJO ("Plaintiff"), individually and on behalf of others similarly situated, and asserts claims against defendants BIG LOTS STORES, INC., an Ohio Corporation and DOES 1-50, inclusive (collectively "Defendants" or "Big Lots") as follows:

## INTRODUCTION

1.      This is a Class Action, pursuant to Federal Rules of Civil Procedure Rule 23, on behalf of Plaintiff and any and all persons who are or were employed by Defendants, either directly or indirectly, as non-exempt, hourly employees, however titled, working in Defendants' retail locations in the State of California at any time from February 4, 2020, through resolution or trial of the matter and whose job duties did not consist of over 50% administrative, executive or professional duties and who did not sign arbitration agreements with Defendant (collectively referred to as the "Class" or "Class Members" or "Non-Exempt Employees"). This Class Action is not intended to include any claims released as part of the Court approved settlement in *Viola Hubbs, et al. v. Big Lots Stores, Inc., et al.*, California Central District Court Case No. CV-15-01601-JAK (ASx).

2.      Upon information and belief, Plaintiff alleges that during the liability period, as defined in the applicable statute of limitations for each and every cause of action herein, Defendants consistently maintained and enforced against Big Lots' Non-Exempt Employees unlawful practices and policies in violation of California state wage and hour laws as detailed more extensively herein.

3.      The California Labor Code and IWC Wage Orders require employers to provide to their employees, among other things, all wages earned, lawful meal and rest periods, properly calculated meal, and rest period premiums when meal or rest

periods are not lawfully provided, reimbursement of necessary business expenses, payment of vested vacation time, and accurate, lawful itemized wage statements.

4.    Defendants implemented uniform policies and practices that deprived Plaintiff and Class Members of earned wages, including minimum wages; straight time wages; overtime wages; premium wages; reimbursement of necessary business expenses; vested vacation time wages; lawful meal and/or rest breaks; and timely payment of wages.

5.    Such actions and policies, as described above and further herein, were and continue to be in violation of the California Labor Code.  Plaintiff, on behalf of herself and all Class members, brings this action pursuant to the California Labor Code, including sections 201, 202, 203, 218.6, 221-224, 226, 226.3, 226.7, 246, 512, 516, 558, 1174, 1194, 1194.2, 1195, 1197, 1198, applicable IWC California Wage Orders and California Code of Regulations, Title 7, section 11000 *et seq.*, seeking unpaid wages, unpaid meal and rest period compensation, unreimbursed expenses, penalties, liquidated damages, and reasonable attorneys' fees and costs.

6.    Plaintiff, on behalf of herself and others similarly situated, pursuant to Business and Professions Code sections 17200-17208, also seek restitution from Defendants for their failure to pay to Plaintiff and Class Members all of their wages, including overtime, reimbursement for necessary expenses, and premium wages.

## JURISDICTION AND VENUE

7.    Plaintiff originally filed this action in the Superior Court of the State of California for the County of Sacramento, Case No. 334-2022-00318624 on April 20, 2022.

8.    On July 14, 2022, Defendant removed the action to this District pursuant to 28 U.S.C. §§ 1332(d) and 1146.

///

///

///

FIRST AMENDED CLASS ACTION COMPLAINT

## PARTIES

9.      Defendant Big Lots Stores, Inc. is an Ohio corporation doing business in the state of California.  It is based at 4900 E Dublin Granville Road, Columbus, Ohio 43081, and operates numerous retail locations throughout the State.

10.      Upon information and belief, Big Lots employs Non-Exempt Employees, like Plaintiff, throughout the State of California.

11.      Plaintiff Katy Cornejo is and during the liability period has been, a resident of California.

12.      Plaintiff was employed in an hourly, non-exempt position by Defendants during the relevant time period.

13.      Plaintiff and the members of the putative class were employed as hourly paid, non-exempt employees by Defendants, either directly or indirectly, in the State of California at any time since February 4, 2020.

14.      Whenever in this complaint reference is made to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of Defendants' officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

15.      The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

16.      Plaintiff is informed and believes, and thereon allege, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct,

FIRST AMENDED CLASS ACTION COMPLAINT

and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

17.     Plaintiff is further informed and believes, and thereon allege, that at all times material herein, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other.  Whenever and wherever reference is made in this complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally.   Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

## **FACTUAL ALLEGATIONS**

18.     During the relevant time frame, Defendants compensated Plaintiff and the Non-Exempt Employees based upon an hourly wage.

19.     Plaintiff and the Class Members were, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders. They are subject to the protections of the IWC Wage Orders and the Labor Code.

20.     During the relevant time, Plaintiff was employed by Defendants in an hourly, non-exempt position.  She worked in Defendants' retail stores approximately 5 days per week, 40+ hours per week.

21.     All Class Members are similarly situated in that they are all subject to Defendants' uniform policies and systemic practices as specified herein.

22.     Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

23.     Plaintiff and the Class Members were required to clock in at the beginning of their shifts, clock out for lunch, in at the end of their lunch periods and out at the end of their shifts.  Plaintiff and the Class Members were not paid for all hours worked because employees were required to work off the clock.

24.     Here, Plaintiff and the Class Members were subject to "Bag Searches" upon enter and exit of Defendants' facilities for their scheduled shifts.  Such bag searches were performed off the clock.

25.     In addition, Plaintiff and the Class Members were required to take work-related calls and texts while off the clock.

26.     Plaintiff is informed and believes that Defendants were aware of such hours worked off the clock, but still did not pay Plaintiff and Defendants for such time.

27.     In addition, Plaintiff and the Class Members worked in excess of eight (8) hours in day and/or over forty (40) hours in a workweek but were not properly paid for such time at a rate of time and one-half the employee's regular rate of pay per hour.

28.     Upon information and belief, Defendants failed to incorporate all forms of non-discretionary compensation into the regular rate, including bonuses, differentials and incentives.

29.     Plaintiff and the Class Members were also regularly required to work shifts in excess of five hours without being provided a lawful meal period as required by law.

30.     Indeed, during the relevant time, as a consequence of Defendants' scheduling practices, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and the Class Members timely, legally complaint uninterrupted 30-minute meal periods as required by law.

31.     In addition, during the relevant time frame, Plaintiff and the Non-Exempt Employees were systematically not authorized and permitted to take one

net ten-minute paid, rest period for every four hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order.

32.    Defendants maintained and enforced scheduling practices, policies, and imposed work demands that frequently required Plaintiff and Class Members to forego their lawful, paid rest periods of a net ten minutes for every four hours worked or major fraction thereof. Such requisite rest periods were not timely authorized and permitted.

33.    Despite the above-mentioned meal and rest period violations, Defendants failed to compensate Plaintiff, and on information and belief, failed to compensate Class Members, one additional hour of pay (up to two per day- one meal and one rest) at their regular rate as required by California law when meal or rest periods were not timely or lawfully provided in a compliant manner.    Upon information and belief, when premiums were paid, they were not paid at the proper regular rate in violation of the law.

34.    Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive accurate premium wages under Labor Code §226.7 but were not receiving accurately calculated compensation.

35.    Plaintiff and the Class Members were also required to use their personal automobiles and cellular phones to perform work-related duties and to respond to work calls, however, Plaintiff and the Class Members were not reimbursed for this in violation of the Labor Code.

36.    Defendants also maintained and enforced practices and policies to systematically not compensate Plaintiff and Class Members' vested vacation wages upon separation from employment.

37.    Defendants also failed to provide accurate, lawful itemized wage statements to Plaintiff and the Class Members in part because of the above specified violations.

38.     Defendants have also made it difficult to determine applicable rates of pay and account with precision for the unlawfully withheld wages and deductions due to be paid to Non-exempt Employees, including Plaintiff, during the liability period because they did not implement and preserve a lawful record-keeping method to record all hours worked, and non-provided rest and meal periods owed to employees as required for non-exempt employees by 29 U.S.C. section 211(c), California Labor Code section 226, and applicable California Wage Orders.

39.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that at the time of termination of employment (or within 72 hours thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiff and Class Members for all wages owed including straight time, overtime, meal and rest period premiums, reimbursements for necessary business expenses, and vested vacation pay and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specified violations.

40.     Plaintiff is informed and believes that Defendants' violation of the Labor Code and IWC wage orders as specified herein was willful and deliberate.

41.     Plaintiff and the Class Members are covered by applicable California IWC Wage Orders and corresponding applicable provisions of the California Code of Regulations, Title 7, section 11000 *et seq*.

42.     Plaintiff is informed and believes, and based thereon alleges, that Defendants currently employ and during the relevant period have employed hundreds of retail employees in the State of California.

FIRST AMENDED CLASS ACTION COMPLAINT

# CLASS ACTION ALLEGATIONS

43.     Plaintiff brings this action on her own behalf, as well as on behalf of each and every other person similarly situated, and thus, seeks class certification under Rule 23 of the FRCP.

44.     All claims alleged herein arise under California law for which Plaintiff seeks relief as authorized by California law.

45.     The proposed class is comprised of and defined as: **all persons who are or were employed by Defendants as hourly paid, non-exempt retail employees in the State of California at any time from February 4, 2020, through resolution or trial of the matter who did not sign an arbitration agreement with Defendants.**     (hereinafter collectively referred to as the "Class" or "Class Members").

46.     Plaintiff also seeks to represent Subclasses included in the Plaintiff's Class, which are composed of Class Members satisfying the following definitions:

a.     All Class Members who were not paid at least minimum wage for all hours worked from February 4, 2020 to present (collectively **"Minimum Wage Subclass"**);

b.     All Class Members who were not accurately paid overtime for hours worked over eight in a day or over forty in a workweek from February 4, 2020 to present **(collectively "Overtime Subclass"**);

c.     All Class Members who worked more than five (5) hours in a workday and were not provided with a timely, uninterrupted lawful meal period of net thirty (30) minutes, and were not paid compensation of one hour premium wages at the employee's regular rate in lieu thereof from February 4, 2020 to present (hereinafter collectively referred to as the "**First Meal Period Subclass**");

d.     All Class Members who worked more than ten hours in a workday and were not provided with a timely, uninterrupted lawful second meal period of thirty (30) minutes, and were not paid compensation of one hour premium wages at

the employee's regular rate in lieu thereof from February 4, 2020 to present (hereinafter collectively referred to as the "**Second Meal Period Subclass**");

e.    All Class Members who worked more than three and a half hours in a workday and were not authorized and permitted to take a lawful net 10-minute rest period for every four (4) hours or major fraction thereof worked per day and were not paid compensation of one hour premium wages at the employee's regular rate in lieu thereof from February 4, 2020 to present (hereinafter collectively referred to as the "**Rest Period Subclass");**

f.    All Class Members who were paid meal or rest period premiums, but were not paid such premiums at the regular rate from February 4, 2020 to present (hereinafter collectively referred to as the "**Premium Subclass");**

g.    All Class Members who were not reimbursed for all necessary expenditures (collectively "**Indemnification Subclass**");

h.    All Class Members who did not receive all owed wages at time of separation or within 72 hours in the case of resignation from February 4, 2020 to present (hereinafter collectively referred to as the "**Waiting Time Subclass**");

i.    All Class Members who were not provided with accurate and complete itemized wage statements from February 4, 2020 (hereinafter collectively referred to as the "**Inaccurate Wage Statement Subclass**");

j.    All Class Members who were not paid vested vacation wages upon separation from employment (hereinafter collectively referred to as the "**Vacation Pay Subclass**");

k.    All Class Members who were employed by Defendants and subject to Defendants' Unfair Business Practices (hereinafter collectively referred to as the "**Unfair Business Practices Subclass**").

47.    Plaintiff reserves the right to amend or modify the descriptions of the Class and Subclasses to provide greater specificity as appropriate, or if it should be deemed necessary by the Court or to further divide the Class Members into additional

Subclasses or to limit the Subclasses to particular issues.  Any reference herein to the Class Members or the Plaintiff's Class includes the members of each of the Subclasses.

48.    As set forth in further detail below, this action has been brought and may properly be maintained as a class action under the provisions of Rule 23 of the FRCP because there is a well-defined community of interest in the litigation, and the proposed Class and Subclasses are easily ascertainable through Defendants' records.

a.    Numerosity:  The members of the Class and Subclasses are so numerous that joinder of all members of the Class and Subclasses would be unfeasible and impractical.  The membership of the entire Class and Subclasses is unknown to Plaintiff at this time, however, the Class is estimated to be dozens of individuals.    Accounting for employee turnover during the relevant periods necessarily increases this number substantially.    Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

b.    The proposed class is easily ascertainable. The number and identity of the class members are determinable from Defendants' payroll records and time records for each class member.

c.    Commonality:  There are common questions of law and fact as to the Class and Subclasses that predominate over questions affecting only individual Class Members.    These common questions of law and fact include, without limitation:

1.    Whether Defendants accurately paid Class Members for all hours worked;

2.    Whether Defendants knew or should have known that Class Members were required to perform work off the clock;

3.    Whether Defendants accurately calculated and paid all Class Members overtime premiums for the hours which Plaintiff and

Class Members worked in excess of eight (8) hours per day and/or forty (40) hours per week;

6.  Whether Defendants had a policy and practice of providing lawful, timely meal periods in accordance with Labor Code § 512, as well as the applicable Industrial Welfare Commission ("IWC") wage order;

7.  Whether Defendants had a policy and practice of complying with Labor Code section 226.7 and IWC Wage Order on each instance that a lawful, timely 30-minute uninterrupted meal period was not provided;

8.  Whether Defendants paid meal and rest period premiums at the proper rate, when paid;

9.  Whether Defendants omitted required information from itemized wage statements;

10. Whether Defendants had a policy and practice of complying with Labor Code section 226.7 and the IWC Wage Order on each instance that a lawful rest period was not provided;

11. Whether Defendants failed to timely pay all wages upon separation in accordance with Labor Code sections 201-202;

12. Whether Defendants failed to reimburse employees for necessary expenses in accordance with Labor Code section 2802;

13. Whether Defendants paid vested vacation wages to Plaintiff and Class Members upon separation from employment at the correct rate;

14. Whether Defendants engaged in unfair competition in violation of section 17200 et seq. of the Business and Professions Code;

15. Whether Defendants' conduct was willful and/or reckless;

FIRST AMENDED CLASS ACTION COMPLAINT

16. Whether Defendants failed to provide accurate itemized wage statements in violation of Labor Code § 226; and

17. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law.

18. The proper measure of statutory damages and punitive damages.

d.    <u>Typicality</u>: Plaintiff is qualified to and will fairly and adequately protect the interests of each member of the Class and Subclasses with whom she has a well-defined community of interest. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclasses, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclasses in separate actions. All members of the Class and/or Subclasses have been similarly harmed by Defendants' failure to provide lawful meal and rest periods, failure to provide accurate wage statements, failure to reimburse necessary expenses, failure to timely pay wages and vested vacation hours owed at termination, failure to pay minimum wages, and failure to accurately pay all wages earned including all owed premium and overtime wages, all due to Defendants' policies and practices that affected each member of the Class and/or Subclasses similarly.  Further, Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Class and/or Subclasses.

e.    <u>Adequacy</u>: Plaintiff is qualified to and will fairly and adequately protect the interests of each member of the Class and/or Subclasses with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclasses, and no such relationships or conflicts are currently known to exist. Plaintiff's attorneys and the proposed counsel for the Class and Subclasses are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters.  Other former and current employees of

Defendants may also serve as representatives of the Class and Subclasses if needed.

        f.    <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, judicial resources, and expense, which would not be achieved with separate lawsuits.  The prosecution of separate actions by individual members of the Class and/or Subclasses would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and/or Subclasses, establishing incompatible standards of conduct for the Defendants, and resulting in the impairment of the rights of the members of the Class and/or Subclasses and the disposition of their interests through actions to which they were not parties.  Thus, a class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices that affected each member of the Class and/or Subclasses similarly.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for both parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

        g.    <u>Public Policy Considerations</u>:  Employers in the state of California violate employment and labor laws every day.  However, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means.  The nature of this action allows for the protection of current and former employees' rights without fear of retaliation or damage.  Additionally, the citizens of California have a significant interest in ensuring

employers comply with California's labor laws and in ensuring those employers who do not are prevented from taking further advantage of their employees.

## CLASS ACTION CLAIMS

### FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

**(By Plaintiff and the Class Against Defendants)**

49.      Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

50.      Labor Code section 204 establishes the fundamental right of all employees in the State of California to be paid wages, including minimum wage, straight time and overtime, in a timely fashion for their work.

51.      Labor Code section 1194(a) provides that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

52.      Labor Code section 1197 provides:  The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful.

53.      Pursuant to Labor Code section 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

54.      The applicable wage orders and California Labor Code sections 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law.

55.      Labor Code sections 1194(a) and 1194.2(a) provide that an employee

FIRST AMENDED CLASS ACTION COMPLAINT

who has not been paid the legal minimum wage as required by Labor Code section 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

56.    During all relevant periods, the California Labor Code and wage orders required that Defendants fully and timely pay its non-exempt, hourly employees all wages earned and due for all hours worked.

57.    The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

58.    At all times relevant, Plaintiff and Class Members consistently worked hours for which they were not paid because Defendants frequently required Plaintiff and the Class Members to work off the clock.

59.    Plaintiff is informed and believes that Defendants were aware that Plaintiff and the Class Members were working off the clock and that they should have been paid for this time.

60.    Defendants' policy and practice of not paying all minimum wages violates California Labor Code sections 210, 216, 558, 1182.12, 1194, 1197, 1197.1, 1198, and the applicable wage order 7-2001.

61.    Due to Defendants' violations of the California Labor Code and wage orders, Plaintiff and the Minimum Wage Subclass members are entitled to recover from Defendants their unpaid wages, statutory penalties, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, as well as liquidated damages.

///

///

///

///

**SECOND CAUSE OF ACTION**

**FAILURE TO PROPERLY CALCULATE AND PAY OVERTIME WAGES**

**(By Plaintiff and the Class Against All Defendants)**

62.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

63.     During all relevant periods, Defendants required Plaintiff and the Class members to work shifts in excess of eight (8) hours per workday and/or to work in excess of forty (40) hours per workweek.

64.     During all relevant periods, both the California Labor Code sections 1194, 1197, 510, 1198, and the pertinent wage order 7-2001 required that all work performed by an employee in excess of eight (8) hours in any workday, on the seventh day of work in any workweek, or in excess of forty (40) hours in any workweek be compensated at one and one-half (1.5) times the employee's regular rate of pay.  Any work in excess of twelve (12) hours in one (1) day is required to be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight (8) hours on any seventh (7th) day of a workweek is required to be compensated at the rate of no less than twice the regular rate of pay of an employee.

65.     During all relevant periods, Defendants had a uniform policy of requiring Plaintiff and the Class members to work in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek without compensating them at a rate of one and one-half (1.5) times their regular rate of pay.   Upon information and belief, Defendants also failed to properly compensate Plaintiff and the Class Members for hours worked in excess of twelve (12) hours in one (1) day, or eight (8) hours on the seventh (7th) day of a workweek.

66.     The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

67.     At all times relevant, Plaintiff and Class Members consistently worked hours for which they were not paid because Plaintiff and the Class Members were required to work off the clock—some of these hours were over eight (8) hours in one (1) workday or in excess of forty (40) hours in a workweek and should have been paid at the overtime rate.

68.     Plaintiff is informed and believes that Defendants were aware that Plaintiff and the Class Members were working off the clock and that they should have been paid for this time.

69.     In addition, upon information and belief, Defendants failed to incorporate all forms of compensation, including without limitation bonuses, differentials, and incentives, into the regular rate for overtime purposes.

70.     As a result, Defendants failed to pay Plaintiff and the Class members earned overtime wages and such employees suffered damages as a result.

71.     Defendants knew or should have known Plaintiff and the Class Members were undercompensated as a result of these practices.

72.     Due to Defendants' violations of the California Labor Code, Plaintiff and the Class members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, statutory penalties, and liquidated damages.

<strong>THIRD CAUSE OF ACTION</strong>

<strong><u>FAILURE TO PROVIDE LAWFUL MEAL PERIODS</u></strong>

<strong>(By Plaintiff and the Meal Period Subclasses Against All Defendants)</strong>

73.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

74.     Pursuant to Labor Code § 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties, except that when a work period of not more than six (6) hours will complete

the day's work the meal period may be waived by mutual consent of the employer and employee.

75.    For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members timely and uninterrupted first meal periods of not less than thirty (30) minutes within the first five hours of a shift.

76.    As a consequence of Defendants' policies and practices, requirements, demands, coverage and staffing, Plaintiff and the Class Members were often required to forego such meal periods, take shortened meal periods, and/or commence their meal periods into and beyond the sixth hour of their shifts.

77.    Moreover, as a matter of policy and practice, upon information and belief,  the Class members were also not provided second meal periods on days when shifts exceeded ten hours (and twelve hours), nor were they provided premium wages in lieu of a second meal period.  On information and belief, Plaintiff and the Class Members did not waive their rights to a second meal period on shifts in excess of ten hours.

78.    Upon information and belief, Plaintiff and the Class Members were not paid one hour of pay at their regular rate for each day that a meal period was not lawfully provided.  On the occasion that meal period premiums were paid, they were not paid at the regular rate as required by law.

79.    As a proximate result of the aforementioned violations, Plaintiff and the Class Members have been damaged in an amount according to proof at time of trial.

80.    Pursuant to Labor Code § 226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period violation occurred.  They are also entitled to recover reasonable attorneys' fees, cost, interest, and penalties as applicable.

81.    As a result of the unlawful acts of Defendants, Plaintiff and the Class she seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and

penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, 512 and the applicable IWC Wage Orders, and Civil Code section 3287.

### FOURTH CAUSE OF ACTION

### FAILURE TO AUTHORIZE AND PERMIT LAWFUL REST PERIODS

**(By Plaintiff and the Rest Period Subclass Against All Defendants)**

82.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

83.     Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof…. Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages."

84.     Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

85.     Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods during shifts in excess of 3.5 hours, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages.

86.     Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Member's employment with Defendants, Defendants failed and refused to authorize and permit Plaintiff and Class Members to take lawful, net ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

87.     Defendants did not pay Plaintiff one additional hour of pay at her regular rate of pay for each day that a rest period violation occurred.  On information and belief, the other members of the Class endured similar violations as a result of

Defendants' rest period policies and practices and Defendants did not pay said Class Members premium pay as required by law.  Upon information and belief, on the occasion that premiums were paid, they were not paid at the regular rate as required by law.

88.     By their failure to authorize and permit Plaintiff and the Class Members to take a lawful, net ten (10) minute rest period free from work duties every four (4) hours or major fraction thereof worked, including failure to provide two (2) total rest periods on six to ten hour shifts and three (3) total ten (10) minute rest periods on days on which Plaintiff and the other Class Members work(ed) work a third rest period for shifts in excess of ten (10) hours, and by their failure to provide compensation for such unprovided rest periods as alleged herein, Defendants willfully violated the provisions of Labor Code sections 226.7 and the applicable IWC Wage Order(s).

89.     As a result of the unlawful acts of Defendants, Plaintiff and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, the applicable IWC Wage Orders, and Civil Code 3287.

**FIFTH CAUSE OF ACTION**

**FAILURE TO TIMELY PAY WAGES DUE AND PAYABLE DURING EMPLOYMENT**

90.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

91.     Labor Code section 204 requires that all wages are due and payable twice in each calendar month.

92.     The wages required by Labor Code §§ 226.7, 510, 1194 and other sections became due and payable to each employee in each month that he or she was

not provided with a meal period or rest period or paid minimum wage, straight or overtime wages to which he or she was entitled.

93.    Defendants violated Labor Code § 204 by systematically refusing to pay wages due under the Labor Code.

94.    Labor Code section 210 (a) provides that "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follow:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

103.   As a result of the unlawful acts of Defendants, Plaintiff and the Class she seeks to represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, penalties, plus interest thereon, attorneys fees, and costs, pursuant to Labor Code § 210, 218.5, 218.6, 510, 1194.

**SIXTH CAUSE OF ACTION**

**<u>FAILURE TO TIMELY PAY WAGES OWED AT SEPARATION</u>**

**(By Plaintiff and the Waiting Time Subclass Against All Defendants)**

95.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

96.    <u>Labor Code</u> §§ 201 and 202 require Defendants to pay their employees all wages due within seventy-two (72) hours of separation of employment.

97.    Section 203 of the <u>Labor Code</u> provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is

commenced. The penalty cannot exceed 30 days of wages.

98.     Plaintiff and Class Members are entitled to compensation for all forms of wages earned, including but not limited to minimum wages, overtime, and premium meal and rest period compensation, and vested vacation hours earned but to date have not received such compensation, therefore entitling them to <u>Labor Code</u> § 203 penalties.

99.     In addition, irrespective of any derivative violation, Defendants failed to timely pay Plaintiff, and, upon information and belief, other Class Members earned compensation at the time of termination despite their obligations under Labor Code 201 and 202.

100.     More than thirty (30) days have passed since affected Waiting Time Subclass Members have left Defendants' employ, and on information and belief, they have not received payment pursuant to <u>Labor Code</u> § 203.

101.     Plaintiff and Waiting Time Subclass Members are thus entitled to 30 days' wages as a penalty under <u>Labor Code</u> § 203, together with interest thereon and attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**

**<u>FAILURE TO REIMBURSE NECESSARY EXPENSES</u>**

**(By Plaintiff and the Indemnification Subclass Against All Defendants)**

102.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

103.     Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members for necessary expenditures incurred in direct consequence of the discharge of his or her duties.

104.     Plaintiff and the members of the Indemnification Class were required to incur expenses in the performance of their assigned job duties. For example, Plaintiff and the Indemnification Class Members were required to incur numerous out of

pocket expenses, including without limitation, cellular phone expenses and application expenses in direct consequence of the discharge of their duties.

105.    Upon information and belief, the Defendants did not reimburse Plaintiff or the Plaintiff's subclass for such expenses.

106.    As a result of the unlawful acts of Defendants, Plaintiff and the Subclass Members have been deprived of un-reimbursed sums in amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §2802.

## EIGHTH CAUSE OF ACTION

## <u>IMPROPER DEDUCTIONS FROM WAGES (Labor Code §226; Wage Order)</u>

### (By Plaintiff Against All Defendants)

107.    Plaintiff re-alleges and incorporate by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

108.    California law prohibits an employer from deducting anything from an employee's wages other than those deductions explicitly permitted by law. The fees deducted from Plaintiff's and Class Members' wages are not explicitly permitted by law. Nevertheless, Defendants' custom, policy and practice was and is to deduct these fees from wages being paid to Plaintiff and Class Members. This deduction was and is an illegal deduction from wages under California law.

109.    Further, California law prohibits an employer, in the absence of dishonesty or gross negligence by an employee, from making any deduction or requiring any reimbursement for any cash shortage, breakage, or loss of equipment. However, Defendants had and have a policy, custom, and/or practice of making such unlawful deductions and requiring unlawful reimbursements from Plaintiff and Class Members.

110.    Plaintiff and Class Members are entitled to recover from Defendants the amounts improperly and illegally deducted from their compensation, as well as the

penalty specified in Labor Code § 226(e), an injunction to enjoin the continuation of this policy, practice and/or custom, and an award of reasonable costs and attorneys' fees.

### NINTH CAUSE OF ACTION
### FAILURE TO PAY VESTED VACATION WAGES UPON TERMINATION
**By Plaintiff and Vacation Pay Subclass Against All Defendants**

111.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

112.    California Labor Code §227.3 provides that whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his or her vested vacation time, all vested vacation shall be paid to him or her as wages at his or her final rate.

113.    Upon information and believe, Defendants employ policies that provide for vacation/PTO to Plaintiff and Class Members.

114.    Wages vest during the pay period in which they are earned.  Thus, Plaintiff and Class Members earned vacation/PTO wages while employed by Defendants. However, upon termination, Defendants failed to pay Plaintiff and Class Members all earned and vested vacation/PTO wages upon termination.

115.    Defendants employed policies and procedures which ensured Plaintiff and Class Members would not receive their accrued and vested vacation/PTO wages upon termination, and/or such wages were not paid at the correct rate.

116.    Pursuant to California Labor Code §227.3, Plaintiff and Class Members seek their earned and vested vacation/PTO wages, plus interest thereon, since February 4, 2020.

### TENTH CAUSE OF ACTION
### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH

FIRST AMENDED CLASS ACTION COMPLAINT

### ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS

**(By Plaintiff and Wage Statement Subclass Against All Defendants)**

117.      Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

118.      Labor Code section 226(a) reads in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee….".

119.      Further, the IWC Wage Orders require in pertinent part: Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay…."

120.      Labor Code section 1174 of the California also requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed and payroll records showing the hours worked daily by, and the wages paid to, its employees.  On information and belief and based thereon, Defendants have knowingly and intentionally failed to comply with Labor Code section 1174, including by

implementing the policies and procedures and committing the violations alleged in the preceding causes of action and herein. Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

121.    Defendants have failed to record many of the items delineated in applicable Industrial Wage Orders and Labor Code section 226, and required under Labor Code section 1174, including by virtue of the fact that each wage statement which failed to accurately compensate Plaintiff and Class Members for all hours worked and for missed and non-provided meal and rest periods, or which failed to include compensation for all minimum wages earned or overtime hours worked, was an inaccurate wage statement. In addition, the wage statements inaccurately stated totals hours worked, and hours worked at each hourly wage rate.

122.    On information and belief, Defendants failed to implement and preserve a lawful record-keeping method to record all non-provided meal and rest periods owed to employees or all hours worked, as required for Non-Exempt Employees under California Labor Code section 226 and applicable California Wage Orders. In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiff and Class Members have been, would have been, and are compelled to try to discover the required information missing from their wage statements and to perform complex calculations in light of the inaccuracies and incompleteness of the wage statements Defendants provided to them.

123.    As a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and still do not furnish each of the members of the Wage Statement Class with an accurate itemized statement in writing accurately reflecting all of the required information. Here, Plaintiff asserts the Defendants omitted required information, failed to accurately include all applicable hourly rates on the wage statements and the corresponding number of hours worked at such rates or hours paid at such rates. In addition, Defendants have failed to provide accurate itemized wage statements as a consequence of the above-

specified violations for failure to accurately pay all wages owed, accurately record all hours worked, and failure to pay meal and rest period premiums as required by law.

124.    Moreover, upon information and belief, as a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

125.    Plaintiff and the members of the Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Wage Statement Class in that the members of the Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, such that the members of the Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

126.    Pursuant to Labor Code section 226, and in light of Defendants' violations addressed above, Plaintiff and the Wage Statement Class Members are each entitled to recover up to a maximum of $4,000.00, along with an award of costs and reasonable attorneys' fees.

**ELEVENTH CAUSE OF ACTION**

**<u>VIOLATION OF THE UNFAIR COMPETITION LAW</u>**

**(By Plaintiff and Class Against All Defendants)**

127.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

128.    Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public.  Plaintiff also seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure § 1021.5.

129.    Defendants' policies, activities, and actions as alleged herein are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§ 17200, *et seq.*

130.    A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on the violation of any state or federal law.

131.    The state law violations, including violations of the relevant IWC Wage Order, detailed herein above are the predicate violations for this cause of action.  By way of example only, in the instant case Defendants' policy of failing to lawfully provide Plaintiff and the Class with timely meal and rest periods or pay one (1) hour of premium pay when a meal or rest period was not lawfully provided violates Labor Code § 512, and § 226.7, and the IWC Wage Orders.  Defendants further violated the law through their policies of failing to fully and accurately compensate Plaintiff and the Class Members for all hours worked, including minimum wages and overtime, and failing to reimburse for necessary expenses, as well as failing to provide accurate itemized wage statement as specified above.

132.    Plaintiff and the Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

133.    Pursuant to California Business and Professions Code §§ 17200, *et seq.*, Plaintiff and the Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees pursuant to California Code of Civil Procedure §1021.5; interest; and an award of costs.

1

## **PRAYER FOR RELIEF**

2    WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and

3  severally, as follows:

4

## **Class Certification**

5    1.    That this action be certified as a class action;

6    2.    That Plaintiff be appointed as the representative of the Class;

7    3.    That Plaintiff be appointed as the representatives of the Subclasses; and

8    4.    That counsel for Plaintiff be appointed as counsel for the Class and

9  Subclasses.

10

## **On the First Cause of Action**

11

### (Failure to Pay Minimum Wages)

12    1.    For the unpaid balance of the full amount of any minimum wages, and

13  regular wages owed, as well as interest thereon,

14    2.    Penalties according to statute,

15    3.    Liquidated damages,

16    4.    Reasonable attorneys' fees, and costs of suit;

17    5.    For interest and

18    6.    For such other and further relief as the Court deems proper.

19

## **On the Second Cause of Action**

20

### (Failure to Pay Overtime)

21    1.    For the unpaid balance of the full amount of any overtime wages owed,

22  as well as interest thereon,

23    2.    Penalties according to statute,

24    3.    Liquidated damages,

25    4.    Reasonable attorneys' fees, and costs of suit;

26    5.    For interest and

27    6.    For such other and further relief as the Court deems proper.

28

## **On the Third Cause of Action**

FIRST AMENDED CLASS ACTION COMPLAINT

(<u>Failure to Provide Lawful Meal Periods</u>)

1.    For one (1) hour of premium pay for each day in which a required meal period was not lawfully provided;

2.    For reasonable attorneys' fees and costs pursuant to statute; and

3.    For such other and further relief as the Court deems proper.

**On the Fourth Cause of Action**

(<u>Failure to Authorize and Permit Lawful Rest Periods</u>)

1.    For one (1) hour of premium pay for each day in which a required rest period was not lawfully authorized and permitted; and

2.    For reasonable attorneys' fees and costs pursuant to statute; and

3.    For such other and further relief as the Court deems proper.

**On the Fifth Cause of Action**

(<u>Failure to Timely Pay Wages Due and Payable During Employment</u>)

1.    For unpaid wages;

2.    For penalties pursuant to <u>Labor Code</u> § 210 and 25% of the amount of wages unlawfully withheld;

3.    For interest;

4.    For reasonable attorneys' fees and costs pursuant to statute; and

5.    For such other and further relief as the Court deems proper.

**On the Sixth Cause of Action**

(Failure to Timely Pay Wages at Separation)

1.    For unpaid wages;

2.    For penalties pursuant to <u>Labor Code</u> § 203;

3.    For interest;

4.    For reasonable attorneys' fees and costs pursuant to statute; and

5.    For such other and further relief as the Court deems proper.

**On the Seventh Cause of Action**

(<u>Failure to Reimburse Necessary Expenses</u>)

FIRST AMENDED CLASS ACTION COMPLAINT

1.    For unreimbursed sums;

2.    For reasonable attorneys' fees and costs pursuant to statute;

3.    For interest; and

4.    For such other and further relief as the Court deems proper.

### On the Eighth Cause of Action

### (Unlawful Deductions from Wages)

1.    For damages/penalties as provided by law;

2.    For an injunction enjoining Defendants from continuing to make unlawful deductions;

3.    For interest;

4.    For reasonable attorneys' fees and costs; and

5.    For such other and further relief as the Court deems proper.

### On the Ninth Cause of Action

### (Failure to Pay Vested Vacation Wages Upon Termination)

1.    For unpaid wages;

2.    For interest;

3.    For reasonable attorneys' fees and costs pursuant to statute; and

4.    For such other and further relief as the Court deems proper.

### On the Tenth Cause of Action

### (Failure to Provide Accurate Itemized Wage Statements)

1.    For statutory penalties, including penalties pursuant to Labor Code section 226;

2.    For reasonable attorneys' fees and costs; and

3.    For such other and further relief as the Court deems proper.

### On the Eleventh Cause of Action

### (Violation of the Unfair Competition Law)

1.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for the Defendants' past failure

to pay minimum, overtime and regular wages, for Defendants' past failure to pay lawful premium wages for meal and rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

2.     For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under California Code of Civil Procedure § 1021.5 and Labor Code section 1194, 1197, 1198 ;

3.     For pre-judgment interest on any unpaid minimum, regular and overtime wages due from the day that such amounts were due;

4.     For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under the Labor Code; and

5.     For such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of the Class and Subclasses, respectfully demand a jury trial in this matter to the fullest extent available under the law.

Respectfully submitted,

Dated: October 19, 2023     _____

JAMES HAWKINS, APLC
James R. Hawkins, Esq.
Christina M. Lucio, Esq.
Mitchell J. Murray, Esq.

Attorneys for KATY CORNEJO, on behalf of herself and all others similarly situated

FIRST AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on October 19, 2023 I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Eastern District of California using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.

Dated: October 19, 2023                 <u>*/s/ Christina M. Lucio*</u>
                                         Christina M. Lucio